IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

| | |
|---|---|
| DEBRA SELF,<br><br>Plaintiff,<br><br>v.<br><br>FRANK BISIGNANO,<br>Commissioner of Social Security,<br><br>Defendant. | 1:25-CV-476-DAB-LPA |

**MEMORANDUM AND ORDER**

This matter is before the Court on Debra Self's appeal of an administrative decision denying her application for supplemental security income under the Social Security Act. *Complaint*, D.E. 1 (June 13, 2025). The magistrate judge recommended that the Commissioner's denial of her application be affirmed. *Memorandum Opinion and Recommendation of United States Magistrate Judge*, D.E. 11 (August 18, 2026). Self filed objections to the Recommendation. *Plaintiff's Objections to the Magistrate Judge's Report and Recommendation*, D.E. 13 (August 24, 2026). Having reviewed and considered the parties' briefs, the record, and the applicable authority, the Court finds that any error by the Administrative Law Judge (ALJ) was harmless. Accordingly, the Court will adopt the Recommendation and affirm the Commissioner's decision.

I. Legal Standard

Any party may object to the magistrate judge's proposed findings and recommendations, and the court "shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1). After reviewing the record, the court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge. *Id*.

If there are no objections to a proposed recommendation, the court "must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (quoting Fed. R. Civ. Proc. 72 advisory committee's note).

## II. Discussion

Self raises five objections to the Recommendation's findings: (1) the ALJ's error in evaluating Dr. Brantley's opinion was harmless, (2) a limitation to simple, routine tasks completed in two-hour segments in a low-stress workplace accounted for her moderate limitation in concentration, persistence, or pace (CPP), (3) any error in evaluating her diabetes and hypertension was harmless, (4) the ALJ's error in addressing her irritable bowel syndrome evidence was harmless, and (5) the ALJ properly evaluated her subjective symptoms reports. *See* D.E. 13.

The scope of this Court's review is limited to determining whether the "ALJ has applied correct legal standards and the ALJ's factual findings are supported by substantial evidence." *Rogers v. Kijakazi*, 62 F.4th 872, 875 (4th Cir. 2023) (internal quotation marks omitted). This is a "deferential standard." *Calhoun v. Comm'r of Soc. Sec.*, No. 24-1315, 2026 WL 2602326, at *8 (4th Cir. Sept. 3, 2026).

"Substantial evidence is 'such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" *Brown v. Comm'r Soc. Sec. Admin.*, 873 F.3d 251, 267 (4th Cir. 2017) (quoting *Mastro v. Apfel*, 270 F.3d 171, 176 (4th Cir. 2001)). It is "more than a scintilla of evidence, but less than a preponderance." *Pac Tell Grp., Inc. v. NLRB*, 817 F.3d 85, 90 (4th Cir. 2015). When reviewing factual findings under the substantial evidence standard, the ALJ's reasoning must "be discernible, so that a reviewing court is not 'left to guess' at the basis for the ALJ's findings." *Calhoun*, 2026 WL 2602326, at *3 (quoting *Mascio v. Colvin*, 780 F.3d 632, 637 (4th Cir. 2015)). Where an ALJ errs, remand for further administrative proceedings is not always required. *See Calhoun*, 2026 WL 2602326, at *4. This Court will remand "for error only where the error is harmful." *Id.* An ALJ's error is harmless if "the court can confidently conclude that no reasonable ALJ, fully crediting the relevant evidence, could have reached a different result." *Id.*

First, any error by the ALJ in evaluating Dr. Brantley's opinion is harmless. Dr. Brantley found that Self's "ability to understand, retain, and follow instructions may be moderately to significantly impaired" and her ability to "to concentrate well enough to perform simple repetitive tasks may also be mildly impaired." *Administrative Record – Medical Records*, D.E. 4-7, at p. 219 (Aug. 12, 2025). He also found that Self's "ability to tolerate the stress and pressure associated with day-to-day work activity is moderately to significantly impaired." *Id*. The occupations the ALJ relied upon in finding that jobs in the national economy exist for Self were occupations that the vocational expert identified for a person limited to performing "simple routine tasks" with the ability to maintain attention, concentration, persistence, or pace for "two-hour periods" in a "low stress work setting." *Administrative Record – Documents Related to Administrative Process*, D.E. 4-2, at

p. 81 (Aug. 12, 2025). Even if Dr. Brantley's opinion were fully credited, Self could perform the jobs relied upon by the ALJ because they were identified as suitable for a person with the limitations in Dr. Brantley's opinion. The ALJ's treatment of Dr. Brantley's opinion "made no difference to the outcome of" Self's application. *Calhoun*, 2026 WL 2602326, at *4. Accordingly, this Court accepts the Recommendation concerning this issue.[1]

Second, the ALJ properly evaluated Self's limitation in CPP. The ALJ found that Self has a "moderate limitation" in CPP. D.E. 4-2, at p. 29. The ALJ's residual functional capacity (RFC) accounted for this moderate limitation. The RFC includes three specific limitations: (1) a limitation to simple, routine tasks, (2) carried out only in two-hour periods, and (3) in a low-stress work environment. *See id*. 30. The Fourth Circuit has observed that "the ability to perform simple tasks differs from the ability to stay on task." *Mascio*, 780 F.3d at 638. As such, "an ALJ cannot summarily 'account for a claimant's limitations in concentration, persistence, and pace by restricting the hypothetical question to simple, routine tasks or unskilled work[.]'" *Shinaberry v. Saul*, 952 F.3d 113, 121 (4th Cir. 2020) (quoting *Mascio*, 780 F.3d at 638). Here, though, the ALJ went beyond limiting the RFC to simple tasks to account for the moderate limitation in CPP. The RFC also limits the completion of simple tasks to two-hour periods in a low-stress environment. *See* D.E. 4-2, at p. 30.

Self argues that a limitation to staying on task for two-hour periods merely tracks the general structure of the workday. *See* D.E. 13, at p. 7. This argument ignores the additional restrictions included in the RFC. The ALJ also included a limitation to simple routine tasks in a low stress work setting that is "not production pace or quota based" but rather is "goal oriented" and "primarily dealing with things as opposed to people." D.E. 4-2, at p. 30. Far from finding that "Self can do what every job already requires," D.E. 13, at p. 7, the limitations in the RFC as a whole account for Self's moderate limitation in CPP and are supported by the record. As the ALJ explained, these limitations are consistent with the findings of state agency psychological consultants who indicated that Self had moderate CPP limitations but was able to "sustain attention to complete simple, routine tasks for 2 hour periods at

[1] The Recommendation cites *Fisher v. Bowen*, 869 F.2d 1055, 1057 (7th Cir. 1989) for the harmless error standard. After the Recommendation was filed, the Fourth Circuit decided *Calhoun*. *Calhoun* clarifies that, in the Fourth Circuit, "an error is harmless when the court can confidently conclude that no reasonable ALJ, fully crediting the relevant evidence, could have reached a different result." *Calhoun*, 2026 WL 2602326, at *4. This Court does not adopt the Recommendation's reasoning that relies on *Fisher* but finds the conclusions in this case to be the same after applying *Calhoun*.

non-production pace rates." D.E. 4-2, at pp. 31–32. In the Fourth Circuit, there "is no categorical rule that moderate limitations in concentration, persistence, or pace must yield any particular RFC restriction[.]" *Calhoun*, 2026 WL 2602326, at *5 n.7. Where, as here, "the ALJ's discussion of the medical evidence provides substantial support for the limitations chosen," then "that is enough." *Id.* As the ALJ did not err in evaluating Self's moderate limitation in CPP, this Court accepts the Recommendation concerning this issue.

Third, substantial evidence supports the ALJ's determination that Self's diabetes with neuropathy and malignant hypertension are non-severe physical ailments. The ALJ came to this conclusion by explaining that these impairments were "being managed medically" and were "subject to proper control by adherence to medical management and medication compliance." D.E. 4-2, at p. 28. In addition, the ALJ explained that no "aggressive treatment was recommended or anticipated" for these impairments, so they should have "no more than a minimal effect on [Self's] ability to perform basic work activities." *Id*. Again, the substantial-evidence standard is a "deferential standard." *Calhoun*, 2026 WL 2602326, at *8. Substantial evidence "means—and means only—such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Biestek v. Berryhill*, 587 U.S. 97, 103 (2019) (internal quotation marks omitted). Here, the ALJ's explanation that these ailments are non-severe is grounded in the record. As such, this Court accepts the Recommendation's conclusion that the ALJ did not err in the determination that Self's diabetes with neuropathy and malignant hypertension are non-severe physical ailments.

Fourth, the ALJ's determination that Self's alleged irritable bowel syndrome is not a medically determinable impairment is not supported by substantial evidence. However, this error is not prejudicial. The determination of whether a claimant has a medically determinable impairment is the first of a two-step inquiry. *Arakas v. Comm'r, Soc. Sec. Admin.*, 983 F.3d 83, 95–96 (4th Cir. 2020). At this first step, the "ALJ must determine whether objective medical evidence presents a medically determinable impairment that could reasonably be expected to produce the claimant's alleged symptoms." *Id.* 95 (internal quotation marks omitted). Objective medical evidence includes "anatomical, physiological, or psychological abnormalities established by medically acceptable clinical diagnostic techniques" and "anatomical, physiological, or psychological phenomena, which can be shown by the use of medically acceptable laboratory diagnostic techniques." *Soc. Sec. Rul. 16-3p: Titles II and XVI: Evaluation of Symptoms in Disability Claims*, SSR 16-3P, at *3 (Mar. 16, 2016). At this stage, an ALJ will not rely on "statement of symptoms, a diagnosis, or a medical opinion to establish the existence of an impairment(s)." 20 C.F.R. § 404.1521. The ALJ did apply this legal standard. *See* D.E. 4-2, at p. 28.

The ALJ concluded that "the medical evidence of record shows no objective medical abnormalities related to IBS." *Id*. The ALJ provided no further rationale for this conclusion. Yet, the medical record includes two visits to Carolina Digestive Health Associates, where the treating doctor recorded "[i]rritable bowel syndrome" among his "[i]mpressions" of Self after each visit. D.E. 4-7, at pp. 482, 485. The ALJ may have concluded that these impressions do not constitute objective medical evidence because they rest "solely on [the claimant's] subjective statements of pain." *Johnson v. Barnhart*, 434 F.3d 650, 658 (4th Cir. 2005). Alternatively, the ALJ may have concluded that each impression was a diagnosis that could not be relied upon at this stage. *See* 20 C.F.R. § 404.1521. It may even be the case that the ALJ concluded that the physical gastrointestinal and abdominal exams at these visits did not show anatomical or physiological abnormalities. *See* D.E. 4-7, at pp. 481, 484. However, the ALJ did not "build an accurate and logical bridge from the evidence to [the] conclusion" that there is no objective medical evidence of IBS. *Arakas*, 983 F.3d at 95 (internal quotation marks omitted). As a result, this Court is "left to guess at the basis for the ALJ's findings" on this issue. *Calhoun*, 2026 WL 2602326, at *4 (internal quotation marks omitted). The conclusion is not supported by substantial evidence.

This error, though, does not warrant remand for further consideration of the evidence regarding Self's alleged IBS. An error is harmless, and thus does not warrant remand if "the court can confidently conclude that no reasonable ALJ, fully crediting the relevant evidence, could have reached a different result." *Id*. The ALJ here did ask the vocational expert what jobs would exist for an individual who would be "off task 20% of an eight-hour day outside of normal breaks and have more than three absences per month." D.E. 4-2, at p. 84. The vocational expert testified that there would be no jobs for a hypothetical person with such a limitation. *Id.* 85. The ALJ went on to state that this hypothetical was meant to encompass the limitations resulting from the "the IBS up and down movement." *Id*. 87.

Fully crediting the evidence of IBS does not automatically require an off-task restriction in the RFC for two reasons. First, the ALJ already considered Self's diarrhea when assessing Self's RFC and did not include a limitation to account for the diarrhea in the RFC. *See* D.E. 4-2, at pp. 28, 30. The ALJ did so because the "evidence as whole" indicated that the diarrhea was being managed medically and would not have a significant impact on her ability to work. *Id.* 28. So, fully crediting the impression of the treating doctor at Carolina Digestive Health Associates that Self presented "[i]rratible bowel syndrome, diarrhea predominant," D.E. 4-7, at p. 482, does not require a new result as the ALJ already accounted for Self's diarrhea in the RFC. Second, to the extent that fully crediting the IBS would lead to an analysis of Self's incontinence, such analysis would also "[make] no difference to

the outcome." *Calhoun*, 2026 WL 2602326, at *7. Evidence of incontinence is limited; there are only two reports of incontinence in the record. *See* D.E. 4-7, at p. 483; *Administrative Record – Medical Records*, D.E. 4-8, at p. 107 (Aug. 12, 2025). These reports are not consistent with the record as a whole. For instance, Self first visited Carolina Digestive Health Associates with a complaint of incontinence but denied incontinence three months later at her follow-up visit. *See* D.E. 4-7, at pp. 480–85. Fully crediting the evidence of IBS, no reasonable ALJ could conclude it calls for a new limitation in the RFC. Thus, this Court adopts the Recommendation's conclusion on this issue.

Finally, the ALJ did not err in evaluating Self's subjective symptoms report. The ALJ considered Self's subjective symptoms alongside her daily activities, medical assessments, and medication or treatment plans prescribed to treat the symptoms. *See* D.E. 4-2, at pp. 28–31. The Court adopts the Recommendation's conclusions on this issue.

Accordingly, it is ORDERED that the Magistrate Judge's Recommendation, D.E. 11, is ADOPTED. The Commissioner's decision finding no disability is AFFIRMED, and this action is DISMISSED WITH PREJUDICE.

A Judgment will be entered contemporaneously with this Order.

This the 22nd day of September, 2026.

*/s/ David A. Bragdon*
United States District Judge